IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JAMES ALLEN MORRIS                                                                         PETITIONER
REG. #11614-042

v.                                              2:09-cv-00025-JJV

T.C. OUTLAW
Warden, FCI-Forrest City                                                                   RESPONDENT

## ORDER

James Allen Morris, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1). Respondent filed a motion in response (Doc. No. 7), and Petitioner has replied (Doc. No. 10). For the reasons that follow, the petition is DENIED.

**I.    Procedural History**

On August 28, 2002, Petitioner, James Allen Morris, was charged in a five-count Superseding Indictment in the Northern District of Mississippi. Pursuant to a written plea agreement, Petitioner pled guilty to two counts – Count One charging possession with the intent to distribute more than five grams of crack cocaine, a violation of 21 U.S.C. §841(a)(1) and Count Four charging felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On March 5, 2003, the district court entered judgment and sentenced Petitioner to concurrent terms of 230 months imprisonment on Count One and 120 months on Count Four, five years of supervised release, and a $200.00 special assessment.

Petitioner filed a direct appeal to the United States Court of Appeals for the Fifth Circuit on March 9, 2003, arguing that the district court abused its discretion in denying his motion to withdraw his guilty pleas without holding an evidentiary hearing. *United States v. James Morris*, 85 Fed.

Appx. 373, 2003 WL 23021940 *1 (5th Cir. 2003). The Court affirmed the decision of the district court concluding that "[i]t was Morris's burden to establish a 'fair and just' reason for withdrawing his guilty pleas, and he ha[d] failed to do so." *Id*.

On April 16, 2004, Petitioner filed his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the United States District Court for the Northern District of Mississippi. Petitioner alleged, among other grounds, that: (1) trial counsel was ineffective; (2) appellate counsel was ineffective for failing to raise issues preserved for appeal by trial counsel; (3) the government breached its plea agreement; and that (4) the court lacked jurisdiction to sentence him. On February 7, 2006, the district court for the Northern District of Mississippi held that "all of the Petitioner's claims – with the exception of the claim that the amount of crack cocaine used to compute his Guidelines sentence range – shall be dismissed." After resolving the issue regarding the amount of crack cocaine used to compute Petitioner's sentence, the district court dismissed the § 2255 petition on October 5, 2007.

Petitioner filed a subsequent appeal challenging the denial of his § 2255 petition and seeking a certificate of appealability. The United States Court of Appeals for the Fifth Circuit denied certificate of appealability because Petitioner "failed to demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." Petitioner subsequently filed a petition for reconsideration which was denied on July 25, 2008.

Pending now before this Court is Petitioner's § 2241 petition filed on February 27, 2009. Having carefully reviewed the instant Petition, the Court construes Petitioner's § 2241 claim as alleging that, at sentencing, the United States District Court for the Northern District of Mississippi improperly determined he was a career criminal under U.S.S.G. § 4B1. Petitioner sets forth the

following supporting facts in his petition: (1)  his state court conviction in Case No. 8923 was too old to qualify for § 4B1 enhancement; (2) he was not represented by counsel; (3) the document entered as evidence at sentencing was facially invalid; and (4) there was no plea colloquy or entry of judgment.

Respondent argues that this Court lacks jurisdiction to hear Petitioner's claims because Petitioner is attacking his sentence from the Northern District of Mississippi.  Respondent further argues that Petitioner may only proceed in this Court if he first demonstrates the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court and that he has failed to make the necessary showing.

## II.    Findings

Inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147, 125 S.Ct. 2984 (2005). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court.  *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated.  *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).  Therefore, a claim attacking the underlying sentence is properly considered in a § 2255 petition before the sentencing court and a claim attacking the execution of the sentence is properly

brought in a § 2241 petition in the jurisdiction where the petitioner is incarcerated. *Nichols*, 553 F.3d at 649. Petitioner's claims must be brought before the United States District Court for the Northern District of Mississippi where he was convicted and sentenced, or to the appropriate Court of Appeals, the United States Court of Appeals for the Fifth Circuit.

For this Court to be permitted to invoke jurisdiction over Petitioner's § 2241 petition, the Petitioner must prove the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). A § 2241 petition for habeas corpus relief "shall not be entertained if it appears that the applicant ha[d] failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."[1] 28 U.S.C. § 2255(e). Petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah*, 392 F.3d at 959. This is a "narrowly circumscribed 'safety valve.'" *United States ex. rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

Petitioner's convictions have already been thoroughly reviewed by the district court and the court of appeals. Petitioner's direct appeal of his conviction was unsuccessful; his first § 2255 motion was denied; and his appeal requesting a certificate of appealability from the denial of his

---

[1] *See also, United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion... (citation omitted). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied ... (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , ... (citations omitted), or because a second or successive § 2255 has been dismissed, ... (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

§ 2255 motion was also denied. Aside from being unsuccessful in his attempts to set aside his sentence, Petitioner does not state a sufficient basis for this Court to find his § 2255 remedy was in any way "inadequate or ineffective." Accordingly, this Court lacks jurisdiction and cannot entertain his petition under 28 U.S.C. § 2241.

**III.  Conclusion**

Because this Court lacks subject matter jurisdiction over Petitioner's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, Petitioner's petition is DISMISSED and the relief requested is DENIED.

IT IS SO ORDERED this 26th day of August, 2009.

_____
United States Magistrate Judge